IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Romeo Ramirez-Garcia,<br><br>    Petitioner,<br><br>vs.<br><br>Michael Mukasey, et al.,<br><br>    Respondents. | No. CV 07-1902-PHX-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Petitioner, a native and citizen of Mexico, entered the United States on June 28, 1962, at Nogales, Arizona as an immigrant. Doc. #20, Exh. 1. On April 26, 2006, in a document titled "Additional Charges of Inadmissibility/Deportability," the Department of Homeland Security (DHS) charged that Petitioner is subject to removal because he was convicted of an aggravated felony and a controlled substance offense. Doc. #20, Exh. 10. The charges are based on a possession of marijuana conviction in Oklahoma in 1999. Id. Petitioner was taken into DHS custody when he was served with the charging document. Doc. #20, Exh. 14.

    On July 14, 2006, an Immigration Judge (IJ) ordered Petitioner to be removed from the United States to Mexico. Doc. #20, Exh. 11. Petitioner filed a Motion to Remand before the Board of Immigration Appeals (BIA), which was granted. Doc. #20, Exh. 12, 13. On remand, an IJ again ordered Petitioner to be removed to Mexico. Doc. #20, Exh. 18.

Petitioner's subsequent appeal to the BIA was dismissed on July 24, 2007. Doc. #20, Exh. 19. On the same day, Petitioner filed a Petition for Review and a Motion to Stay in the Ninth Circuit Court of Appeals Doc. #20, Exh. 20. The Court granted a temporary stay of removal and the petition for review remains pending. Id.

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court on October 10, 2007. Doc. #1. After two dismissals with leave to amend, Petitioner filed a Second Amended Petition on April 17, 2008. Doc. #4. Petitioner alleges that his continued detention in immigration custody since April 2006 is unlawful. He asks the court to order his release.

On November 21, 2008, Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus, in which they contend that Petitioner's current detention is lawful and that his petition should be denied. Doc. #20. On December 2, 2008, however, Respondents filed a Notice of Suggestion of Mootness in which they assert that Petitioner was released under an Order of Supervision on November 13, 2008. Doc. #22. In the notice, Respondents provide a copy of a "Notice to EOIR: Alien Address," which demonstrates that Petitioner was released from custody on bond and is residing in Tucson. Doc. #22. Because Respondents' evidence demonstrates that Petitioner has obtained the relief he sought in his petition, this action is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) (alien's habeas petition challenging the length of his detention pending deportation was rendered moot when petitioner was released from custody and reparoled into the United States). The court will therefore recommend that the Petition for Writ of Habeas Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Second Amended Petition for Writ of Habeas Corpus (Doc. #4) be **DISMISSED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 8th day of December, 2008.

*[signature]*
Edward C. Voss
United States Magistrate Judge